UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WALDEMAR E. ALBERS REVOCABLE TRUST, *et al.* | ) ) ) | |
| Plaintiffs | ) ) | No. 3:07-0421 |
| v. | ) ) | Judge Trauger/Brown |
| MID-AMERICA ENERGY, INC.; *et al.*, | ) ) ) | |
| Defendants | ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

Presently pending are two motions. The first is a motion for entry of an order approving the receiver's fees and expenses (Docket Entry 268). The second is a motion for approval of the claims registry (Docket Entry 281).

**Discussion**

The Court-appointed Receiver has been actively pursuing potential assets in this matter. Unfortunately, to date no significant funds have been recovered, although there is ongoing litigation in Kentucky that could potentially result in a substantial recovery for the benefit of the Claimants and for reimbursement of some or all of the Receiver's fees.

No objections have been filed to this motion (Docket Entry 268). As to this motion, the Magistrate Judge recommends that the report of the Receiver be accepted. The Magistrate Judge, however, recommends that any final order approving a total reimbursement to the Receiver wait for the recovery of at least

some assets in the matter. It is difficult for the Magistrate Judge to recommend an overall figure for the Receiver without some appreciation for the success or failure of his efforts. It may also be that potential Claimants who might object to the amounts of the fee have been reluctant to do so until there was some indication that there was any recovery at all.

As to the motion for approval of the claims registry, the motion itself (Docket Entry 281) sets out in considerable detail the procedure the Receiver has used in establishing a claims registry. It appears that, in accordance with the Court's established claims bar date (Docket Entry 255), the deadline has passed and the Receiver has examined 171 received claims for $11,187,766 (Docket Entry 281-3, Ex. C).[1]

The claims which are recommended for listing and approving the claims registry are attached as Exhibit B (Docket Entry 281-4). This part of the registry lists claimants who do not have judgments against Mid-America Energy, Inc. (MAEI) or Mid-America Oil & Gas, LLC (MAOG), but does include information as to date and amount of their investment in the amount of the claim. Exhibits E-1 & E-2 to Docket Entries 381-5 & 6 are the Receiver's registry of Claimants who are judgment creditors of MAEI and MAOG. They contain essentially the same information as Exhibit D. The Receiver advised that he mailed notice of this motion to all

---

[1] In future pleadings it would help if the pleadings, which are numbered in accordance with Local Rule 7.03(a), use those numbers in referring to various exhibits. As it is without reference to those page numbers, the various exhibits in the several hundred pages of this motion are somewhat difficult to locate.

2

parties whose claims the Receiver has deemed should be denied and were not included in the claims registry. The Receiver requests that the Court enter an order, submitted at Docket Entry 281-7, approving the claims registry.

The Magistrate Judge recommends that the order approving the claims registry be entered by the Court, except that paragraph 4 be modified as follows:

> All the claims except those of Joseph Coll and Peter DiMartino against MAEI and MAOG or the assets (as defined in the motion) shall, absent further order of the Court, be forever barred, estopped, and enjoined from: (i) asserting any claims that such person or entity may have against this receivership estate or against MAE and MAO&G, and (ii) receiving any distribution from the Receiver.
>
> The Claimants Coll and DiMartino shall have **30 days** within which to request a hearing before the Magistrate Judge to show cause why their claims should be allowed. They are warned that failure to request such a hearing will result in their claims being barred.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days**, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days**, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further

---

[2] The **Clerk** is directed to send a copy of this Report and Recommendation to Claimants Coll and DiMartino at the addresses shown in Docket Entry 281-7, p. 4.

3

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

<pre>
                              /s/   Joe B. Brown           
                              JOE B. BROWN
                              United States Magistrate Judge
</pre>