# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| WALDEMAR E. ALBERS REVOCABLE TRUST, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 3:07-0421 |
| v. | ) ) ) | Judge Trauger |
| MID-AMERICA ENERGY, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER APPROVING CLAIMS REGISTRY

This matter came before the court on the Receiver's Motion For Approval of Claims Registry (the "Motion") filed on February 17, 2011. In the Motion, the Receiver sought an Order approving the Registry of Proofs of Claim submitted to the Receiver (the "Claims Registry"). Interested parties having had the opportunity to object to the Motion, the court finds that the notice proposed by the Receiver in the Motion and the Receiver's determination as to which Proofs of Claim should be included in the Claims Registry as approved claims is appropriate under the circumstances presented and that good cause has been shown. **IT IS HEREBY ORDERED** as follows:

1. The Motion is granted.

2. The Claims Registry, which is comprised of three exhibits attached to the Motion as **Exhibit D**, and **Exhibits E-1 and E-2**, is approved.

3. The claims included in the Claims Registry shall be deemed allowed, and, to the extent of any distribution from the receivership estate, the holders of such claims shall be entitled to their pro rata share of such distribution according to the priority of their claim.

4. All the claims except those of Joseph Coll and Peter DiMartino against MAEI and MAOG or the assets (as defined in the motion) shall, absent further order of the court, be forever barred, estopped, and enjoined from: (I) asserting any claims that such person or entity may have against this receivership estate or against MAE and MAO&G , and (ii) receiving any distribution from the Receiver. The claimants Coll and DiMartino shall have **30 days** within which to request a hearing before the Magistrate Judge to show cause why their claims should be allowed. They are warned that failure to request such a hearing will result in their claims being barred.[1]

5. This Order applies to every claim that has been, is, or could be asserted, now or in the future, against MAE and MAO&G or the Assets—except claims of professionals for fees incurred in the receivership cases of MAE and MAO&G.

It is so **ORDERED.**

Enter this 31st day of May 2011.

                                             ALETA A. TRAUGER
                                             U.S. District Judge

---

[1] The court notes that Joseph Coll has timely requested such a hearing. (Docket No. 303)